IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| Ricky Lynn Gandy, | § | Case No. 05-30651-H1-13 |
| Debtor. | § | (Chapter 13) |

## MEMORANDUM OPINION

For the reasons set forth below, Harris County's Objection to Exemption [docket no. 35] is sustained. Pursuant to FED. R. BANKR. P. 7052, the following constitute the Court's findings and conclusions.

### Background

On January 11, 2005, the Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code. On March 17, 2005, the Debtor filed his schedules and statements. In his schedules, the Debtor chose federal exemptions pursuant to § 522(b)(1) and listed approximately 6.6 acres located at 14819 Garrett Road as exempt. Harris County, a party in interest in this case, filed a timely objection to exemptions alleging that the property does not qualify as exempt under § 522(d)(1) because the Debtor does not "use the property as his residence." On June 22, 2005, the Court conducted a hearing on this matter.

It is undisputed that the Debtor is not currently using, nor has he ever used, the property as his residence. However, based on the testimony of the Debtor, and the corroborating testimony of Chad Dunn, the Court finds that the Debtor intends to use the property as his residence. At the June 22, 2005 hearing, the Debtor testified that he has paved a driveway and cleared the property. The Court cannot determine whether these actions were taken solely to further the Debtor's intent to use the property for residential purposes.

1

However, the Court notes that any such actions would be necessary for the Debtor to reside on the property. The Debtor has also made various inquiries into acquiring utilities for the property and presented what the Court believes is a feasible plan to implement the utilities. Further, the Debtor has secured the use of a travel trailer for the property and apparently intends to move the trailer onto the property and employ it as his residence by July of 2005. The Court finds that these actions were taken in furtherance of the Debtor's intent to live on the property.

## Analysis

The issue in this contested matter is whether the Debtor's intent to use undeveloped land as his future residence qualifies the land as property the Debtor "uses as residence" pursuant to § 522(d)(1). An election of federal exemptions under § 522(b)(1) permits a debtor to exempt "...[t]he debtor's aggregate interest, not to exceed $18,450 in value, in real property ... that the debtor or a dependent of the debtor *uses as a residence*...." 11 U.S.C. § 522(d)(1) (emphasis added).

When analyzing a debtor's exemptions under federal law, the exemptions are to be construed liberally in favor of the debtor. *See In re Lusiak*, 247 B.R. 699, 703 (Bankr. N.D. Ohio 2000). In furtherance of this liberal construction, several courts have referred to state law to interpret § 522(d)(1). *See In re Anderson*, 240 B.R. 254, 257 (Bankr. W.D. Tex. 1999) (employing state law to determine whether property qualified as exempt under § 522(d)(1)); *see also In re Brent*, 68 B.R. 893 (Bankr. D. Vt. 1987); *In re Buick*, 237 B.R. 607 (Bankr. W.D. Pa. 1999). In these cases, the courts justified resorting to state law for various reasons, including: lack of precedent, deference to state law on issues involving property rights, and perceived ambiguity in the federal statute. *See In re Anderson*, 240 B.R. at 258 (applying

state law because it was not in conflict with the federal exemption, and there was a lack of precedent in interpreting the presented issue); *see also In re Brent*, 68 B.R. at 895 (noting a review of state law was necessary to preserve property rules of the state in which the property was located and to determine an answer without relevant precedent); *In re Buick*, 237 B.R. at 610 (analyzing state law to resolve perceived statutory ambiguities). In each case, however, the debtors had actually occupied the property at some point prior to filing bankruptcy, though for various reasons they did not actually reside on the property at the time of filing.[1] Despite this jurisprudence, the Court concludes that the plain language of the statute—as applied to the facts of this case—negates any justification to resort to state law.[2]

When analyzing any statute, the Court begins its analysis with the plain language of the statute itself. *Ron Pair v. United States*, 489 U.S. 235 (1989) (a court's duty is to interpret

---

[1] This Court's independent research has located only one published decision—*In re Demasi*—in which a debtor has attempted to exempt property that he has never occupied. *See In re Demasi*, 227 B.R. 586, 588 (D. R.I. 1998). In *Demasi*, the court held that a debtor's contingent future interest in real property was exemptible based on the debtor's intent and the meaningful ability to occupy the home within a reasonable time after his remainder interest was no longer contingent. *Id.* Without explanation, the court relied on state law precedent—of various states—to determine that a contingent future interest could be exempted. *Id.* Accordingly, despite the fact that the case is factually similar to the present case, the Court does not find it persuasive as to the issue of whether the Court should employ state law to analyze § 522(d)(1).

[2] If the Court were to resort to state law, the Court would allow the exemption based on the liberal protections afforded by the Texas Property Code and the Texas Constitution. Courts interpreting the Texas constitutional and statutory homestead provisions liberally construe the relevant provisions to protect a homestead. *Bradley v. Pacific Sw. Bank*, 960 F.2d 502, 507 (5th Cir. 1992). This liberal treatment extends not only to land which is in actual use as a residence, "but also to property which is intended to be used as a homestead in the near future." *Clark v. Salinas*, 626 S.W.2d 118, 120 (Tex. Civ. App.—Corpus Christi 1981, *writ ref'd n.r.e.*) (citing *Davis v. McClurkan*, 378 S.W.2d 358, 360 (Tex.Civ.App.—Eastland 1964, *no writ*)). Despite this liberal reading, the mere intention to occupy the land at some future date has been held insufficient to impress upon it a homestead character. *See, Clark*, 626 S.W.2d at 120 (citing *Cheswick v. Freeman*, 287 S.W.2d 171, 173 (Tex. 1956) and *Gilmore v. Dennison*, 115 S.W.2d 902 (Tex. 1938)). However, in the absence of actual occupancy, the property may still be considered the homestead if the debtor's intent is coupled with some overt act of preparation. *See, e.g., Clark*, 626 S.W.2d at 120; *Simank v. Alford*, 441 S.W.2d 234, 237 (Tex.App.—Austin 1969, *writ ref'd n.r.e*) (citing *Gardner v. Douglass*, 64 Tex. 76 (1885)). In this case, the Debtor has not resided on the property. However, as discussed above, the Debtor has engaged in various preparatory actions to make this property his homestead such as: clearing the land, paving a driveway, securing a trailer to live in, and arranging for utilities. The Court concludes that these actions constitute "overt acts" in furtherance of the Debtor's intent to employ the property as the Debtor's homestead.

a statute according to its plain language). "[W]here ... the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" *Id.* at 241 (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917). Under the plain language of § 522(d)(1), the phrase "uses as a residence" denotes occupancy of the proposed exempt property by the debtor. *See In re Lusiak*, 247 B.R. at 702 (noting the language of § 522(d)(1) appears, at a minimum, to "[denote] occupancy of the premises by the debtor as a principal place of dwelling."); *see also In re Healy*, 100 B.R. 443 (Bankr. W.D. Wis. 1989) ("occupancy requirement is the *sine qua non* of the homestead exemption"). Thus, under the plain language of the statute, the phrase "uses as a residence" indicates a present use or occupancy as opposed to a future intent to occupy. Accordingly, the Court concludes that § 522(d)(1)'s plain language unambiguously requires actual occupancy at a point prior to the bankruptcy filing.[3]

In this case, the Debtor offered convincing and credible evidence that he intends to use his property as a residence. However, at the time of filing, he had not. Consequently, under the plain language of § 522(d)(1), the Debtor may not exempt the land. This decision is buoyed by courts interpreting similarly written state and federal statutes. Numerous state homestead provisions contain language similar to § 522(d)(1).[4] Courts interpreting these state statutes have nearly uniformly required actual occupancy in conformity with the plain language of the statute. *See In re Hunter*, 295 B.R. 882 (Bankr. D. Ark. 2003) (actual

---

[3] The Court does not read the statute so narrowly as to require use of the residence to be uninterrupted. For example, a debtor could be temporarily absent from the premises while on military duty. *See, e.g., In re Anderson*, 240 B.R. at 259. However the "use of the residence" must—at a minimum—have commenced.

[4] *See, e.g.*, ARK. CODE ANN. § 16-66-218 (West 2005) ("that the debtor or a dependent of the debtor uses as a residence"); GA. CODE ANN. § 44-13-100 (West 2005) (same); ME. REV. STAT. ANN. tit. 14 § 4422 (2005) (same); N.C. GEN. STAT. ANN. § 1C-1601 (West 2005) (same); OHIO REV. CODE ANN. § 2329.661 (West 2005) (same).

occupancy required regardless of the debtor's intention to occupy at a future date); *In re Miller*, 157 B.R. 621 (Bankr. N.D. Ohio 1993) (debtor's dependants satisfied use requirement under state exemption law); *In re Page,* 289 B.R. 484 (Bankr. S.D. Ga. 2003) (debtor failed to meet "uses as a residence" requirement when she moved away from the property); *In re Cain*, 235 B.R. 812, 817 (Bankr. M.D. N.C. 1998) (actual use of debtor's claimed residence is required for exemption).[5]

Additionally, the Internal Revenue Code I.R.C. § 121(a) employs the phrase "used by the taxpayer as the taxpayer's principal residence," for purposes of determining whether a taxpayer incurs a taxable liability in certain real property transactions. I.R.C. § 121 (2004).[6] Further, courts interpreting § 121's predecessor, I.R.C. § 1034, have found that "occupancy" is a necessary prerequisite to meet the statutory requirement of "uses as a principal residence." I.R.C. § 1034 (repealed 1997); *Bayley v. Comm'r of Internal Revenue*, 35 T.C. 288, 295 (T.C. 1960) (noting "use" is synonymous with physical occupancy). Moreover, courts have found "that intent is to be taken into account, but they have nonetheless steadfastly adhered to the principle that intent alone, divorced from actual use, will not satisfy section 1034." *Parker v. Comm'r of Internal Revenue*, T.C. Memo. 1999-347, ¶ 14 (T.C.M. (RIA) 1999) (citations omitted).

---

[5] Of the decisions interpreting similar state statutes, only two courts have considered allowing a debtor's future intent to use property as a residence to satisfy the "uses as a residence" requirement. *See In re Bennett*, 192 B.R. 584, 588 (Bankr. D. Me. 1996) (denying exemption for debtors who owned undeveloped land—on which they had made limited preparations for building—because they had not shown the intent or meaningful ability to occupy the property within the past ten years); *see also In re Cole*, 185 B.R. 95, 98 (Bankr. D. Me. 1995) (denying exemption when debtor installed a septic system and had neither shown a definable intention to move onto the land nor a plan to acquire or build a physical structure in which to live). In each case however, the courts declined to do so.

[6] The terminology "used by the taxpayer as his principal residence" has been carried forward into the new statute, I.R.C. § 121(a).

Consequently, based on the plain language of the statute and the court decisions interpreting similar state and federal statutory language, the Court concludes that it is inappropriate to resort to the forum state's exemption laws to determine whether the Debtor's future intent to occupy property as his residence satisfies § 522(d)(1)'s requirement that the debtor uses the property as his residence. Accordingly, Harris County's Objection to Exemption is sustained.

Signed at Houston, Texas, on July 25, 2005.

_____
**Marvin Isgur**
**UNITED STATES BANKRUPTCY JUDGE**